JS-6

FILED
CLERK, U.S. DISTRICT COURT
9/13/2017
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>REAL PROPERTY LOCATED AT 120 S. HACIENDA BOULEVARD IN THE CITY OF INDUSTRY, CALIFORNIA,<br><br>　　　　Defendant.<br><hr>CIIF INVESTMENT GROUP, LP,<br><br>　　　　Titleholder. | NO. CV 17-3890 MWF (RAOx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

　　Plaintiff and claimant The Evergreen Advantage, LLC and potential claimant CIIF Investment Group, LP have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

　　The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES:**

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. The Evergreen Advantage, LLC claims an interest in the defendant property and has filed a claim. Potential claimant CIIF Investment Group, LP claims an interest in the defendant property, but has not filed a claim in this case or answered the complaint. However, CIIF Investment Group, LP would have filed a claim and answer in this case absent this agreement. No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant property. Any potential claimants to the defendant property other than The Evergreen Advantage, LLC and CIIF Investment Group, LP are deemed to have admitted the allegations of the complaint with respect to the defendant property.

2. The United States of America shall have judgment as to the defendant property, and, other than those interests recognized herein, no other person or entity shall have any right, title or interest therein. The legal description of the defendant property, which property has Assessor Parcel Numbers 8245-001-050 and 8245-001-051 and is more fully described as follows:

    Parcel 1:

    Parcel 2 of parcel Map No. 78, in the City of
    Industry, County of Los Angeles, State of California,

as per map filed in book 60 page 22 of parcel maps, in the office of the County Recorder of said county.

Parcel 2:

An easement for ingress and egress over those portions of parcels 1 and 3 of parcel map No. 78, in the City of Industry, County of Los Angeles, State of California, as per map filed in book 60 page 22 of parcel maps, in the office of the county recorder of said county, included within that certain area shown on said map as "24 feet easement of ingress and egress and roadway purposes per instrument No. 2712, recorded September 1, 1970 in book D-4820 page 14, official records, as granted to Community Bank of Huntington Park".

3. The United States is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice to any occupants of the defendant property without further order of this Court. The United States shall thereafter sell the property. The proceeds of sale shall be distributed in the following priority, to the extent proceeds are available:

    a. To the United States for its actual and reasonable costs and expenses of the sale;

    b. To the Los Angeles County Assessor and Tax Collector of all unpaid real property taxes assessed against the defendant property to the date of entry of the Judgment of Forfeiture;

    c. To Evergreen Advantage as follows:

        i. All unpaid principal and interest due under the Note which is secured by the Deed of Trust recorded as Instrument No. 2016-0191016 against the defendant property

3

identifying Evergreen Advantage as beneficiary, as of the date of the closing with respect to Plaintiff's sale of the defendant property; and

  ii. All other fees, costs and advances as provided under the terms of the Note and Deed of Trust, as of the date of the closing with respect to Plaintiff's sale of the Defendant Property. These fees, costs and advances include, but are not limited to, fees, advances or costs for property taxes, insurance (including for hazard insurance), reasonable attorney fees and costs and fees and costs incurred in protecting The Evergreen Advantage, LLC's security interest; and

 d. The balance shall be paid and forfeited to the United States of America, and such funds shall be disposed of according to law.

4. The Evergreen Advantage, LLC and CIIF Investment Group, LP have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of potential

claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. The Evergreen Advantage, LLC and CIIF Investment Group, LP have also waived any rights they may have to seek remission or mitigation of the forfeiture. Nothing in this Consent Judgment is intended as, nor should anything in this Consent Judgment be interpreted as an admission by The Evergreen Advantage, LLC and CIIF Investment Group, LP of any liability or wrongdoing.

5. The court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: September 13, 2017

_____
THE HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE